CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 10 2019
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MYTRECCIA STOCKTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19-cv-00027 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRANCH BANKING & TRUST COMPANY, | ) ) | By: Hon. Jackson L. Kiser    Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court on Defendant Branch Banking & Trust Company's ("BB&T") Motion to Dismiss [ECF No. 8], and Plaintiff Mytreccia Stockton's Motion to Remand [ECF No. 13]. The matters were briefed by the parties, and I held oral arguments on the motions on September 24, 2019. For the reasons stated herein, I will grant Plaintiff's Motion to Remand and deny BB&T's Motion to Dismiss. Insofar as Plaintiff sets forth state causes of action as opposed to federal ones, those claims will be remanded to the Henry County General District Court.

## I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Mytreccia Stockton ("Plaintiff") began working for BB&T as an on-call teller at its Collinsville, Virginia, location; she eventually settled as a part-time teller at its Ridgeway, Virginia, branch. She contends that, during her employment at BB&T, she was forced to endure harassment and ridicule almost from the outset, including "constant" harassment about her "outfit choices, style of hair, and makeup." She alleges that she was singled out regarding when she reported for work, even though she "was never late." She also alleges that she was "talked

---

[1] The facts are taken from Plaintiff's state court filings, including her Bill of Particulars, which I construe together as her Complaint. [See ECF Nos. 1-1 & 1-2.] At this stage, it is appropriate to accept her factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

about" by other employees, and that she was constantly criticized for minor annoyances, such as the speed with which she counted the money in her drawer. Plaintiff contends she was wrongfully terminated on June 13, 2017.[2]

Plaintiff filed a Warrant in Debt in the Henry County General District Court on April 5, 2019. She was ordered to file a Bill of Particulars and filed the same on or about June 3, 2019. Based on her representations in the Bill of Particulars, BB&T removed the case to this court on June 14, alleging jurisdiction under 28 U.S.C. §§ 1331 & 1441. BB&T thereafter filed a motion to dismiss, contending that Plaintiff failed to identify the bases for her claims to relief, that she failed to file a timely charge with the Equal Employment Opportunity Commission for any colorable claim under Title VII or the Americans with Disabilities Act, and that she was not entitled, as a matter of law, to benefits under the Family Medical Leave Act. Plaintiff responded, asking that her case be remanded to state court and disclaiming the federal causes of action BB&T gleaned from her pleadings. I heard oral argument on the motions on September 24, making the matter ripe for disposition.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if the action is one over which the district court would have had original jurisdiction. "Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

---

[2] Although Plaintiff conceded at oral argument that she was not entitled to maternity leave under the Family Medical Leave Act, she does allege that she was terminated in part to avoid paying her maternity leave.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III.  DISCUSSION

Plaintiff asserts that, even if her Complaint can be read to assert federal causes of action, she has disclaimed them in an effort to remain in her chosen forum, the Henry County General District Court. To be sure, this court's jurisdiction is "determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration." Taylor v. Anderson, 234 U.S. 74, 75 (1914). And, as has often been said, "plaintiff is the 'master of the claim.'" Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

In the event a case is not properly removed to federal court, remanding the case to the state court is the required course of action. See 28 U.S.C. § 1447 (2019); State of W. Va. ex rel. Morrisey v. McKesson Corp., No. 16-1772, 2017 WL 357307, at *5 (S.D.W. Va. Jan. 24, 2017). When removal jurisdiction is asserted, the defendant bears the burden of "demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Courts generally disfavor removal jurisdiction, "particularly when a case involves substantial questions of state law." W. Va. ex rel. Morrissey, 2017 WL 357307, at *5. Indeed, "state law complains usually must stay in state court when they assert what appear to be state law claims." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005). Moreover, state courts are often "competent to apply federal law, to the extent it is relevant." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006)

Plaintiff's Complaint can be read to assert both state and federal claims, but by no means are federal claims necessarily pled. The most that can be said about Plaintiff's Complaint is that she alleges discrimination. She makes no reference, express or implied, to Title VII, the Americans with Disabilities Act, or the Family and Medical Leave Act. Obviously, claims of discrimination, including pregnancy discrimination, can arise under Virginia's anti-discrimination laws as well as Title VII. See Va. Code Ann. § 2.2-3900 et seq. ("Virginia Human Rights Act"). Nothing in Plaintiff's Complaint, however, establishes that she is seeking relief under Title VII as opposed to, or in addition to, the Virginia Human Rights Act. Coupled with Plaintiff's declarations that she does *not* wish to pursue any remedies she has under federal law, I cannot conclude that a federal claim is raised in Plaintiff's Complaint, and therefore I must remand this case to the state court for prosecution of Plaintiff's state law claims, as she intended. Accord W. Va. ex rel. Morrissey, 2017 WL 357307, at *5 & 8 ("Aside from these scattered

references [to 'United States laws and regulations'], however, plaintiffs' complaint does not appeal to recourse under federal law. It neither alleges a federal cause of action nor refers to specific federal statutes or regulations . . . . [T]he exercise of removal jurisdiction is improper.").

BB&T attempts to avoid this conclusion by asserting, among other arguments, that the Virginia Human Rights Act does not apply to it because it has too many employees. See Va. Code Ann. § 2.2-3903 (2019) ("No employer employing more than five but less than 15 persons shall discharge any such employee on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, including lactation."). If that is so, it will certainly be a boon to BB&T when it defends against this action in state court. But it is no grounds for removal to say, "The defendant cannot win in state court, therefore the federal court must hear her case, even those claims she does not wish to pursue." Jurisdiction is determined based on what the plaintiff alleges in the complaint, not on the defenses raised. Cf. Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (2016) ("The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant."). Accordingly, I will remand this case to the state court from whence it came.

## IV. CONCLUSION

Although Plaintiff's Complaint could be read to assert federal as well as state causes of action, as master of her complaint, Plaintiff has disclaimed any federal claims and asserts only state law ones. Accordingly, this court lacks jurisdiction over the claims raised solely under state law, and this case will be remanded to the Henry County General District Court.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the *pro se* plaintiff and counsel of record.

**ENTERED** this 10th day of October, 2019.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE